**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000112**
**10-MAR-2021**
**07:52 AM**
**Dkt. 32 SO**

NO. CAAP-18-0000112

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

JASON HANKINS, Plaintiff-Appellant, v.
CASTLE MEDICAL CENTER, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 17-1-1156-07 (VLC))

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Wadsworth and Nakasone, JJ.)

Plaintiff-Appellant Jason Hankins (**Hankins**), self-represented, appeals from the Final Judgment (**Judgment**) in favor of Defendant-Appellee Castle Medical Center (**CMC**) and against Hankins, entered on January 5, 2018, in the Circuit Court of the First Circuit (**Circuit Court**).[1/]  On appeal, Hankins appears to contend that the Circuit Court erred in dismissing his complaint, which was styled as an "affidavit," pursuant to the court's October 9, 2017 "Order Granting [CMC's] Motion to Dismiss Affidavit of Jason Hankins, Filed July 14, 2017, Filed August 9, 2017" (**Dismissal Order**).

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we affirm the Judgment for the reasons set forth below.

We first note that Hankins's opening brief substantially fails to conform to the requirements of Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b), which "is, alone,

---

[1/]     The Honorable Virginia L. Crandall presided.

sufficient basis to affirm the judgment of the circuit court." Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 228, 909 P.2d 553, 556 (1995).

HRAP Rule 28(b)(3) requires in part that the opening brief contain

> [a] concise statement of the case, setting forth the nature of the case, the course and disposition of proceedings in the court or agency appealed from, and the facts material to consideration of the questions and points presented, with record references supporting each statement of fact or mention of court or agency proceedings. . . . . Record references shall include a description of the document referenced, the JIMS or JEFS docket number and electronic page citations, or if a JIMS or JEFS docket number is not available, the document's filing date and electronic page citations within the document. . . . . There shall be appended to the brief a copy of the judgment, decree, findings of fact and conclusions of law, order, opinion or decision relevant to any point on appeal, unless otherwise ordered by the court.

Hankins's opening brief omits many of these elements and does not contain a single citation to the record. See Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawaiʻi 92, 114 n.23, 176 P.3d 91, 113 n.23 (2008) ("[T]his court is not obligated to sift through the voluminous record to verify an appellant's inadequately documented contentions." (quoting In re Guardianship of Carlsmith, 113 Hawaiʻi 211, 234-35, 151 P.3d 692, 715-16 (2007))). The opening brief also does not include copies of the decisions from which the appeal is taken.

HRAP Rule 28(b)(4) requires that the opening brief also contain

> [a] concise statement of the points of error set forth in separately numbered paragraphs. Each point shall state: (i) the alleged error committed by the court or agency; (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency.

Hankins's opening brief does not contain any points of error committed by the Circuit Court, and as discussed above, fails to cite to where in the record any error may have occurred. Consequently, Hankins's opening brief also does not contain any argument "on the points presented and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on[,]" as required by HRAP Rule 28(b)(7).

Despite Hankins's noncompliance with HRAP Rule 28(b), "this court has consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible." Bettencourt, 80 Hawaiʻi at 230, 909 P.2d at 558 (quoting O'Connor v. Diocese of Honolulu, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994)) (internal quotation marks omitted). However, because the opening brief contains no discernible argument, we are unable to address the merits of any issues that Hankins may have intended to raise on appeal. See Kakinami v. Kakinami, 127 Hawaiʻi 126, 144 n.16, 276 P.3d 695, 713 n.16 (2012) (citing Carlsmith, 113 Hawaiʻi at 246, 151 P.3d at 727) ("noting that this court may disregard a particular contention if the appellant makes no discernible argument in support of that position" (internal quotation marks omitted)).

CMC moved to dismiss the Affidavit on the grounds that it failed to state a claim upon which relief could be granted, see Hawaii Rules of Civil Procedure (**HRCP**) Rule 12(b)(6), and that Hankins failed to properly serve the Affidavit and Summons on CMC, see id. HRCP Rule 12(b)(5). As to the first ground, CMC argued that the Affidavit was "incomprehensible, incoherent and illogical[,]" making it "impossible to decipher . . . [Hankins's] allegations or the relief he seeks." As to the second ground, CMC argued that Hankins failed to effect proper service on CMC, as a domestic nonprofit corporation, under HRCP Rule 4.[2] In support of its argument, CMC submitted the declaration of a CMC employee who stated, among other things, that: (1) she had

---

[2] HRCP Rule 4(d)(3) states:

> [**Summons**]*: **Personal Service**. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
>
> . . . .
>
> (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

"found [the Affidavit and other documents] in the inbox of the Medical Records Department at CMC"; (2) "there was no mailing envelope with the documents"; and (3) she was "not an officer of CMC or managing agent of CMC; nor [was she] authorized by appointment to receive service of process on behalf of CMC." Following a hearing on CMC's motion to dismiss, at which Hankins did not appear, the Circuit Court entered the Dismissal Order.

In his opening brief, Hankins fails to make any discernible argument as to how or why the Dismissal Order is in error or point to anything in the record demonstrating such error. Further, Hankins does not address in any discernible manner the arguments, declaration or authorities that supported CMC's motion to dismiss. It appears that Hankins may be attempting to argue that the Circuit Court should have entered a default judgment against CMC. He asserts, for example: "It States in the Rules that If the Summon is Disobeyed, that is a Default[,]" and "There is a Default Disobeying the Summon Time of Twenty Days. . . ." However, Hankins did not establish below that he properly served the Affidavit and, regardless, there is no dispute that CMC responded to the Affidavit by filing a motion to dismiss. Hankins's "default" assertions therefore lack merit.

More fundamentally, Hankins does not explain the nature of his claims against CMC, or how the conclusory statements contained in the Affidavit stated a claim upon which relief could be granted. We are mindful that pleadings prepared by self-represented litigants "should be interpreted liberally." Dupree v. Hiraga, 121 Hawaiʻi 297, 314, 219 P.3d 1084, 1101 (2009). However, upon review of the Affidavit and the various other documents that Hankins filed in the Circuit Court, as well as his opening and reply briefs on appeal, we cannot decipher the nature of any claim he asserts against CMC. He does not state, for example, any specific actions that CMC took or failed to take that injured him, or otherwise identify the source of any complaint against CMC. As a result, "it appears beyond doubt that [Hankins] c[ould] prove no set of facts in support of his . . . claim that would entitle him . . . to relief[,]" and the Circuit Court thus did not err in dismissing the Affidavit.

4

Civil Beat Law Center for the Public Interest, Inc. v. City & County of Honolulu, 144 Hawaiʻi 466, 474, 445 P.3d 47, 55 (2019) (quoting In re Estate of Rogers, 103 Hawaiʻi 275, 280, 81 P.3d 1190, 1195 (2003)).

Therefore,

IT IS HEREBY ORDERED that the Judgment, entered on January 5, 2018, in the Circuit Court of the First Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, March 10, 2021.


On the briefs:

Jason Hankins,
Self-Represented Plaintiff-
Appellant.

Thomas E. Cook and
Malia E. Schreck
(Lyons, Brandt, Cook &
Hiramatsu)
for Defendant-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge